**SUPERIOR COURT**
**OF THE**

**CRAIG A. KARSNITZ,**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

June 27, 2019

Melissa S. Lofland, Esquire
26 The Circle, P.O. Box 250
Georgetown, DE 19947

Kristin M. Potter, Esquire
Office of the Attorney General
114 E. Market Street
Georgetown, DE 19947

RE: *Trevor A. Jefferson v. State of Delaware*, Def. ID# 1803006533

DATE SUBMITTED: June 13, 2019

Dear Counsel:

Trevor A. Jefferson ("defendant") has appealed a decision of the Court of Common Pleas ("CCP") finding that he drove while impaired in violation of 21 *Del. C.* § 4177(a) and that he endangered the welfare of his child by driving impaired with her in the vehicle in violation of 11 *Del. C.* § 1102(a)(5). This is my decision affirming the judgment of the trial court.

**1) Facts**

Discovery and foundational issues resulted in the exclusion of much evidence at the trial. The limited amount of evidence admitted in this case consisted of a video from the arresting

1

officer's body camera and trial testimony from the arresting officer and from a neighbor of defendant's girlfriend.

On March 10, 2018, a citizen called in to the police with a concern about a driver who may have been intoxicated, with a child in the vehicle, near the Millsboro Bowling Alley. The vehicle was described as a red Jeep Cherokee. Various units responded to the area but the vehicle was not located. There is no testimony that anyone saw defendant driving the vehicle.

Within a few minutes of this first call, another call came in about a domestic incident in the Town of Millsboro. This call was from a neighbor of defendant's girlfriend. The neighbor called the police because she heard yelling and screaming outside of her house. She looked out and saw defendant in the neighbor's driveway yelling and screaming and cursing. She assumed defendant was yelling at her neighbor. She also saw a child in the defendant's vehicle. Fearing for the safety of her neighbor and the child, the neighbor called 911. This witness did not see the defendant inside the vehicle at any point.

When Officer Wharton, the arresting officer and the officer who testified at the trial, came on the scene of the domestic incident, defendant was standing in the driveway. Also in the driveway was a red Jeep Cherokee with a child in the back seat. The officer touched the vehicle, which was warm to the touch "like it was just parked."[1] Defendant's clothing was orderly. However, his speech was slurred; a moderate odor of alcohol was coming from him, which the officer smelled from three feet away; defendant's eyes were glassy; his face seemed flushed; "his

---

[1]Transcript of the September 4, 2018, Proceedings at 44 (hereinafter, "Transcript at ___").

balance was not as great as it should be"[2] in that "[h]is balance wasn't there"[3] and he was "swaying back and forth."[4] There were at least three small (half-pint) alcohol bottles of Fireball in the passenger floorboard of the vehicle. The testimony is clear that at least one half-pint bottle of Fireball was empty. A reasonable inference from the rest of the testimony is that the other bottles also were empty.[5] Defendant admitted he had consumed Fireball.

The video from the police officer's body camera was entered into evidence. Defendant initially denied driving, then he said he sat in the car to stay warm, then he admitted driving to the bowling alley in Millsboro and turning around and coming back to the house. He also admitted the child was in the car when he drove. On that video, defendant adamantly admitted he was under the influence, stating that he was "wasted".

Defendant was placed under arrest for driving under the influence ("DUI") and endangering the welfare of a child. He was taken to the police station where field sobriety tests and an intoxilyzer test were conducted. However, the results of those tests were not admitted into evidence.

Significant to defendant's appeal is a discovery matter which arose in the middle of the trial. Officer Wharton's body camera recorded from the time he first came on the scene until he put defendant in the police vehicle to take him to the police station. The officer turned the body camera back on once they were at the police station. At the police station, the body camera

---

[2]Transcript at 42

[3]*Id.* at 43

[4]*Id.*

[5]*Id.* at 42.

3

recorded defendant's field sobriety tests.

The State transferred the body camera recordings of the events at the two separate locations on two discs rather than one. The first disc depicted the events at the girlfriend's house while the second depicted the events at the police station. In all, the State had seven discs. However, it provided the defense with only six discs.[6] The disc the State failed to provide defendant was the second disc, the one depicting the events which occurred at the police station. The parties realized mid-trial that defendant did not have this second disc from the body camera recordings.

Upon realizing the defense did not have the second disc, defendant objected to the admission of the disc. The Court excluded the use of the second disc and went even further; it struck the officer's testimony of the events depicted on that second disc. Defendant did not ask for a recess or a continuance to review the disc. More importantly, defendant did not argue that the first disc depicting what happened at the home of defendant's girlfriend should be excluded because of this discovery violation. Defendant makes that argument for the first time on appeal.

I quote the CCP ruling verbatim:

> So what the State has left is basically the officer's testimony and the video that the Court was able to view and has admitted regarding Officer Wharton's interaction with Mr. Jefferson and his own statements.
> Very rarely are Defendant's own statements sufficient to convict the Defendant of a DUI.
> In this instance the Defendant upon encountering Officer Wharton clearly admitted many times that he was intoxicated and under the influence.[7]
> He denied vehemently that he had been driving.

---

[6]The Court rejects the State's attempt to push the blame for the discovery debacle onto defense counsel.

[7]Transcript at 109-10.

4

It was introduced into evidence that this whole matter came to the police's attention, started with a BOLO as a concerned citizen calling out in a concern about a perhaps intoxicated driver near the Millsboro Bowling Alley with a child in the vehicle.

Within a few minutes of that, according to the officer's testimony, another call came in about a domestic in the Town of Millsboro with the same description of vehicles and with a child in the vehicle.

The officers responded to that after having failed to notice or find the vehicle that had been called in with a BOLO. Found the same described vehicle at the scene of ... house with a child in the vehicle.

The defendant was standing outside of the vehicle. The Defendant admitted that he was extremely intoxicated. On several occasions said that to the officer.

Then Mr. Jefferson further denied having driven.

The officer testified that the engine was warm as if it had been driven.

Mr. Jefferson continued to initially deny that he had driven that vehicle; that he, according to his testimony, had become severely intoxicated drinking with ... [owner of house]. And, then came out and had been outside without ever driving the vehicle.

However as the interview continued eventually Mr. Jefferson changed his story, and he told the officer that he had driven that vehicle with the child in the vehicle.

There's no actual evidence offered to the Court of observed driving that would show some evidence of impairment, which is the best evidence of being under the influence often in the Court's view.

However Officer Wharton also testified that the Defendant admitted to drinking Fireball while he was there that evening. And that the officer found at least three empty half-pint bottles of that self same Fireball in the passenger compartment of the vehicle.

It's clear that the BOLO was called in within a few minutes of the domestic call in, same vehicle.

The Defendant ultimately admitted to the officer that he had been driving at the bowling alley.

So I think the evidence has clearly established in the Court's mind beyond a reasonable doubt that the Defendant was the operator of that vehicle; that it had been driven with a child in the vehicle.

The only question in the Court's mind is whether or not the Defendant's admissions along with the other attendant evidence regarding what was found in the vehicle is sufficient to prove that the Defendant was beyond a reasonable doubt under the influence when he operated that vehicle.

Normally the Defendant's own admissions are not given that much weight because people say things and people aren't scientists and they don't know what their blood alcohol content is.

But, Mr. Jefferson, I saw you on that video. You vehemently told Officer Wharton many times how drunk you were, and you convinced me.

I'm convinced beyond a reasonable doubt, and I am the trier of fact, that you were under the influence that night, sir.

Your daughter was in the vehicle. For whatever reason you told different stories about it, but I believe there's sufficient evidence here for a reasonable trier of fact to find you guilty beyond a reasonable doubt.

And I find you guilty of both offenses.[8]

## 2) Issues on Appeal

On appeal, defendant makes two arguments.

The first is that the trial court abused its discretion by not excluding the first disc which showed the period of time when the officer was dealing with defendant at the house and up until defendant was placed in the police officer's vehicle to be transported to the police station. Defendant argues it was unfair to use partial statements, observations or behavior against defendant rather than considering everything which the body camera recorded that night because the information not turned over should be deemed to contain exculpatory evidence. As noted earlier, defendant did not raise this objection at trial.

Defendant's second argument is that the State failed to introduce evidence sufficient to prove the charges against him beyond a reasonable doubt.

Upon reviewing this appeal, this Court *sua sponte* raised the issue of the applicability of the *corpus delicti* rule. The Court then provided counsel with the opportunity to address that issue with supplemental briefing.

## 3) Applicable Law

The standard of review of an appeal from CCP is as follows:

The Superior Court is authorized to consider appeals from the Court of
Common Pleas in criminal matters. When addressing appeals from the Court of

---

[8]Transcript at 111-13.

Common Pleas, the Superior Court acts as an intermediate appellate court, with the same function as that of the Supreme Court. In considering an appeal from the Court of Common Pleas to the Superior Court, the Superior Court determines whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record. Factual findings by the Court of Common Pleas are given deference and are reviewed for clear error. Legal questions are reviewed *de novo* (footnotes and citations omitted).[9]

The appellate court reviews a trial court's application of discovery rules and evidentiary rulings for abuse of discretion.[10] However, where, as here, defendant did not object to the use of the first disc once the discovery issue was raised regarding the second disc, then this claim is reviewed for plain error.[11] "In order to be plain, the error complained of must be so clearly prejudicial to substantial rights as to have jeopardized the integrity of the trial (footnote and citation omitted)."[12] Defendant has the burden of establishing this prejudice.[13]

**4) Discussion**

I address the discovery issue first.

When faced with a discovery violation, CCP can order the production of the discovery, grant a continuance, prevent the introduction of material not disclosed, or impose any other order

---

[9]*Slaney v. State*, 2016 WL 5946485, *3 (Del. Super. Oct. 7, 2016).

[10]*Service v. State*, 2015 WL 1234489, *3 (Del. Mar. 17, 2015) (TABLE); *Dickerson v. State*, 637 A.2d 826, 1993 WL 541913, *3 (Del. Dec. 21, 1993) (TABLE); *State v. Glenstrup*, 2013 WL 1092715, *5 (Del. Super. Feb. 12, 2013); *State v. Rothermel*, 1995 WL 465276, *2 (Del. Super. July 24, 1995).

[11]*Nastatos v. State*, 935 A.2d 256, 2007 WL 2983584, *2 (Del. Oct. 11, 2007) (TABLE).

[12]*Id.*

[13]*Id.*

it deems just.[14] Before issuing a sanction, the Court must weigh all relevant factors, including the extent of prejudice to the defendant.[15] As explained in *Doran v. State*:[16]

> Among the factors the court must weigh are the reasons for the Government's delay in affording the required discovery, the extent of prejudice, if any, the defendant has suffered because of the delay, and the feasibility of curing such prejudice by granting a continuance or, if the jury has been sworn and the trial has begun, a recess.

When the parties determined that the State had inadvertently failed to supply defense counsel with the second disc, the defendant sought to exclude the disc. The Court, in its discretion and in accordance with CCP Rule 16, precluded the introduction of the second disc. It took matters a step further and struck all previously-given testimony regarding the events depicted on that second disc. Defendant did not seek a recess or continuance of the trial so that he could review the disc to determine if there was exculpatory evidence on it. Defendant did not ask that the first disc also be excluded.

Because defendant did not make the argument he is making now, the Court reviews the action of the court below for plain error. Defendant has not established he suffered any prejudice. He merely argues that evidence on the disc could have been exculpatory. Defendant's argument

---

[14]CCP Crim. R. 16(d)(2). This rule provides:

> *Failure to comply with a request.* If at any time during the course of the proceedings it is brought to the attention of the Court that a party has failed to comply with this rule, the Court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

[15]*Doran v. State*, 606 A.2d 743, 745 (Del. 1992).

[16]606 A.2d at 745 n. 3.

8

as to prejudice is speculative. The Court below did not abuse its discretion in its handling of the discovery violation and it was not plain error for that court to consider the first disc after excluding the second disc.

I now turn to whether the *corpus delicti* rule applies. One of the more recent explanations of the *corpus delicti* rule involving non-compound crimes such as a DUI is set forth by the Supreme Court in *Wright v. State*:[17]

> To satisfy the policy behind our *corpus delicti* rule, the State must present "some evidence of the existence of a crime, independent of the *defendant's* confession, to support a conviction. Recently, in *Bailey v. State*, we noted that "[t]his Court has never precisely defined the specific quantum of independent evidence required by the State to establish the *corpus delicti*. In qualifying this observation, however, we also stated that the "defendant is sufficiently protected by requiring proof of the *corpus delicti* beyond a reasonable doubt upon all the evidence taken together, provided that some evidence apart from the confession is adduced." "Once the State has produced some evidence of a crime, independent of the defendant's statement, then the policy behind the *corpus delicti* rule is satisfied and the confession may be admitted into evidence." (Footnotes and citations omitted).

I consider the evidence other than the confession in the light most favorable to the State.[18] The question is whether, without defendant's admissions, there was evidence of defendant 1) driving the vehicle 2) while impaired 3) with the child in the vehicle. The evidence supporting the crimes other than defendant's confession consists of the following: the call in for the police to look out for a possibly impaired driver driving a red Jeep Cherokee with a child in the back of the vehicle; Officer Wharton thereafter locating the defendant in the driveway beside a red Jeep Cherokee with a warm engine and a child in the back; and the defendant having a moderate odor

---

[17]953 A.2d 188, 193 (Del. 2008) ("*Wright*").

[18]*Id.* at 194.

of alcohol, slurred speech, glassy eyes, and unsteady balance. This is "some evidence" of defendant driving while impaired and driving with his child in the back seat. That evidence, combined with defendant's confession, is sufficient to prove the charges against defendant.[19]

In reaching this conclusion, I also resolve against defendant his argument that there was insufficient evidence to support the conviction for a DUI.

With regard to the count of endangering the welfare of a child, defendant also argues that the State did not establish the child was under the age of 18. There were numerous references to the child as a baby and a child. Sufficient evidence existed to support the conclusion the child was under the age of 18. Also, for the reasons stated above regarding the DUI conviction, sufficient evidence existed to support the conclusion that the child was in the vehicle when the defendant drove while impaired.

For the foregoing reasons, I affirm the judgment of the Court of Common Pleas.

IT IS SO ORDERED.

Very truly yours,

Craig A. Karsnitz

cc: Prothonotary's Office
    Court of Common Pleas

FILED PROTHONOTARY
SUSSEX COUNTY
2019 JUN 27 P 1:14

---

[19]*See Dattanie v. State*, 2013 WL 6225240 (Del. Super. Nov. 20, 2013), *rearg. den.*, 2014 WL 595049 (Del. Super. Jan. 8, 2014); *State v. Wells*, 2004 WL 1551515 (Del. Super. June 16, 2004); *State v. Madura*, 1976 WL 168388 (Del. Super. May 18, 1976), *aff'd*, 367 A.2d 650 (Del. 1976) (TABLE).